**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**GUIDEONE NATIONAL INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00336-JSM-PRL**

**BRANAMJAMES CONSTRUCTION & RESTORATION, INC.; RAYMOND RAUCH; and AMY RAUCH;**

**Defendants.**
**_______________________________________/**

# ORDER

Upon referral, this matter is before the Court for consideration of Plaintiff GuideOne National Insurance Company's motion for default judgment against Defendant BranamJames Construction & Restoration, Inc. (Doc. 15). No Defendant has responded to the motion. For the reasons explained below, Plaintiff's motion for default judgment is due to be denied without prejudice.

## I. BACKGROUND

Plaintiff GuideOne National Insurance Company ("Plaintiff") filed this declaratory judgment action against Defendants BranamJames Construction & Restoration, Inc. ("BranamJames"), Raymond Rauch, and Amy Rauch (collectively, "the Rauches") on May 13, 2026. (Doc. 1).

The allegations of Plaintiff's complaint are as follows. Plaintiff issued a commercial general insurance policy to BranamJames ("the policy"). (*Id.* ¶ 8).[1] The Rauches and

[1] Plaintiff attached a copy of the policy to the complaint. (Doc. 1-1).

BranamJames entered into a contract under which BranamJames agreed to remove and replace a fireplace in the Rauches' home and repair interior damage from water intrusion. (Doc. 1 ¶ 23). Disputes later arose, and on October 31, 2024, the Rauches filed a lawsuit against BranamJames in Marion County. (*Id.*); (Doc. 1-2).[2] In that suit, the Rauches brought claims for breach of contract and negligence, alleging that BranamJames never completed the agreed-upon work and that actions taken by BranamJames while working on their home allowed water to enter their home, causing damage and mold. (Doc. 1 ¶¶ 24, 27-32). Plaintiff's motion for default judgment states that on June 23, 2026, after a trial in the state court action, the jury entered a verdict against BranamJames, and final judgment was entered against BranamJames on August 18, 2026. (Doc. 15 at 2, 5); *see also* (Docs. 15-1, 15-2).

Plaintiff's complaint seeks a declaratory judgment that Plaintiff has no duty to provide coverage for any damages arising from the state court lawsuit and no duty to defend or indemnify BranamJames in relation to the underlying state court lawsuit. (Doc. 1 ¶¶ 43-51). The Rauches have appeared in this action and have filed an answer, denying some of the allegations in the complaint and raising affirmative defenses. (Doc. 6). The return of service states that BranamJames was served via a designated agent on May 18, 2026. (Doc. 8). However, BranamJames did not appear in the action, and a clerk's default was entered against BranamJames on August 7, 2026. (Doc. 14). Plaintiff now moves for default judgment only against BranamJames. (Doc. 15).

---

[2] Plaintiff attached a copy of the state court complaint to the complaint in this action. (Doc. 1-2). Records from the state court suit, Case No. 2024CA2060, can be found at Marion County OCRS.

## II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk's default is entered, the Court may enter a final default judgment if the party seeking the judgment applies for it. *See* Fed. R. Civ. P. 55(b)(2); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (per curiam) ("When a defendant has failed to plead or defend, a district court may enter judgment by default." (citing Fed. R. Civ. P. 55(b)(2))).

Generally, a default judgment may be entered if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain*, 789 F.3d at 1245 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). What constitutes "a sufficient basis" for a default judgment is a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)).

However, "in cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, No. 6:11–cv–1054–Orl–28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)), *report and recommendation adopted by* 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011). "The purpose behind this result is the prohibition against logically inconsistent judgments." *Houston Cas. Co. v. Endurance Assurance Corp.*, No: 6:22-cv-1429-RBD-LHP, 2023 WL 2633312, at *2 (M.D. Fla. Mar. 24, 2023) (citing *Frow*, 82 U.S. at 554).

The Eleventh Circuit has "extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint" and has accordingly found that "it is 'sound policy' that 'when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits.'" *Id.* (quoting *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).

Therefore, courts in this circuit "have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim." *Id.* at *1-2 (collecting cases) (denying motion for default judgment against one defendant without prejudice when the other defendant appeared in the action and was defending against the plaintiff's claim); *see also Nautilus Ins. Co. v. AJ Cardinal Group, LLC*, No. 8:18-cv-2778-T-60CPT, 2019 WL 5072094, at *2 (M.D. Fla. Aug. 1, 2019) ("The 'preferred practice' in multi-defendant actions where only some defendants are in default is to withhold granting default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants." (citing *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012))), *report and recommendation adopted by* 2019 WL 5068636 (M.D. Fla. Oct. 9, 2019). Further, some courts have found it "particularly prudent" to withhold default judgment "where 'the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute.'" *Nautilus*, 2019 WL 5072094, at *2 (quoting *North Pointe*, 2012 WL 5378826, at *4).

Here, Plaintiff's complaint for declaratory judgment and corresponding motion for default judgment seek a declaration regarding the obligations and coverage of the policy

issued by Plaintiff to BranamJames. (Docs. 1, 15). However, the Rauches have appeared in this action and have filed an answer and affirmative defenses, taking positions contrary to Plaintiff's in relation to the interpretation and coverage of the policy. (Doc. 6). Therefore, the undersigned finds that entering a default judgment against BranamJames at this time creates a risk that an inconsistent judgment may be entered against the Rauches after an adjudication on the merits. *See Nautilus*, 2019 WL 5072094, at *2 (recommending withholding entry of default judgment against the non-appearing defendants when the plaintiff's request for a declaration "pertain[ed] to insurance contractual rights and obligations" that the appearing defendant disputed).

For the reasons explained above, Plaintiff's motion for default judgment against BranamJames (Doc. 15) is due to be **denied without prejudice**.

**DONE** and **ORDERED** in Ocala, Florida on November 6, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party